, Justice ROBINSON,
dissenting,
I dissent; I do so respectfully, but nonetheless most vigorously. I am entirely unable to reconcile the holding of the majority with fundamental principles of the Anglo-American law of contracts. The agreement before us is, in my judgment, completely clear and totally unambiguous. As such, I read it as imposing absolutely no co-payment requirement on the retirees who are the plaintiffs in this lawsuit.
Upon perusing the majority’s opinion,' it quickly became clear to me that the underlying premise of the majority’s reasoning is that silence connotes ambiguity. However, there is no warrant in our law for saying that silence somehow creates ambiguity in a case such as the one presently before us. I am not aware of any opinion from this Court that stands for such a proposition, but I am aware that there is explicit language in cases from other jurisdictions that rejects that notion. See, e.g., Consolidated Bearings Co. v. Ehret-Krohn Corp., 913 F.2d 1224, 1233 (7th Cir.1990) (“Silence creates ambiguity * * * only when the silence involves a matter naturally within the scope of the contract as writ *179 ten. A contract is not ambiguous merely because it fails to address some contingency; the general presumption is that the rights of the parties are limited to the terms expressed in the contract.”), (internal quotation marks omitted); Nissho Iwai Europe PLC v. Korea First Bank, 99 N.Y.2d 115, 752 N.Y.S.2d 259, 782 N.E.2d 55, 60 (2002) (“[A]mbiguity does not arise from silence, but from what was written so blindly and imperfectly that its meaning is doubtful.”) (internal quotation marks omitted).[1] Accordingly, I am simply unable to reconcile the majority’s approach with settled principles of the law of contracts. We. are not confronted with a case where ,the maxim of “necessary implication” applies. The agreement at issue is fully self-explanatory in and of itself. It says what it says; and, it says nothing about a co-payment.
Since I consider the agreement at issue to be unambiguous, I next turn to one of the most basic principles of contract law which has been summarized as follows: “Under established contract law principles, when there is an unambiguous contract and no proof of duress or the like, the terms of the contract are to be applied as umitten.” Gorman v. Gorman, 883 A.2d 732, 739 n. 11 (R.I.2005) (emphasis added); see also Rivera v. Gagnon, 847 A.2d 280, 284 (R.I.2004). When the terms of the contract at issue are applied as written, it is immediately clear that there is no requirement that plaintiffs pay a co-payment for their medical care.
The City of Pawtucket may have belatedly come to believe that its agreement with the retirees was overly generous. But the demotic saying that “a deal is a deal” is plainly applicable- in such a situation. As this Court has declared: “It is a basic tenet of contract law that the contracting parties can make as ‘good a deal or as bad a deal’ as they see fit * * *." Rodrigues v. DePasquale Building and Realty Co., 926 A.2d 616, 624 (R.I.2007) (quoting Durfee v. Ocean State Steel, Inc., 636 A.2d 698, 703 (R.I.1994)); see Grady v. Grady, 504 A.2d 444, 447 (R.I.1986) (“That a contract’s performance becomes more difficult or expensive than originally anticipated does not justify setting it aside.”); see also Mansolillo v. Employee Retirement Board of Providence, 668 A.2d 313, 317 (R.I.1995).
For the reasons stated herein, I would affirm the judgment of the Superior Court. Accordingly, Í must record my respectful but forceful dissent with respect to the majority’s opinion in this case.

. It should be borne in mind that we are not confronted with something entirely extraneous to what was agreed to (e.g., whether payment-should be made in cash or by check). •Rather the co-payment provision materially adds to the financial burden on the retirees; the change from no co-payment to the requirement that they make a co-payment constitutes a new contractual term that was never the subject of bargaining.